UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                                      Case No. 24-11851-JLG

MARITA PADIERNOS ROSADO,                                         Chapter 7

                                     Debtor,
------------------------------------------------------------X

LORELEI SANCHEZ ARANETA,
                                Plaintiff,
        - against -                                                              Adv. Pro. No. 25-01030-JLG

MARITA PADIERNOS ROSADO,
                                Defendant.
------------------------------------------------------------X

**AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT PURSUANT TO 11 U.S.C. §523(a)**

Plaintiff, Lorelei Sanchez Araneta, ("**Plaintiff**" or "**Ms. Araneta**"), by her attorneys, Lester Korinman Kamran & Masini, P.C. as and for her amended complaint against defendant/debtor Marita Padiernos Rosado (the "**Defendant**"), respectfully alleges as follows:

**JURISDICTION**

1. Jurisdiction over this proceeding is based upon 28 U.S.C. §§ 157, and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York. This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 523(a)(2)(A) and (6) and Bankruptcy Rule 7001.

2. In the event that this Court determines that this cause of action as alleged herein is not a core proceeding, the Plaintiff consents to the entry of a final order and judgment by this Court determining such cause of action.

## PARTIES

3. Plaintiff is an individual residing in Queens County, New York.

4. Defendant is an individual residing at 244 Fifth Avenue, R200, New York, New York 10001.

## BACKGROUND

5. The Defendant commenced the above-captioned Bankruptcy Case on October 28, 2024, (the "**Filing Date**") by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

6. In or about June 2022, Ms. Araneta was introduced to Defendant who was giving a presentation regarding a real estate investment opportunity she was offering through her wholly owned company MK Global Enterprises, Inc. ("**MK Global**"). At this presentation, Defendant offered marketing materials outlining the investment opportunity in MK Global which stated that Defendant's real estate investment opportunities in distressed real property have historically outperformed stocks and bonds, while providing tax benefits and portfolio diversity. These investment opportunities involved real estate producing rental income and real estate already owned that was to be renovated and sold for a profit.

7. Immediately following this presentation, Defendant arranged for Ms. Araneta and a group of other prospective investors (who had all attended the same presentation) to visit some of the properties Defendant claimed constituted the investment opportunity.

8. Ms. Araneta was interested in this opportunity because she had previously managed real property with her sister, and at that time (June 2022) Ms. Araneta was unemployed

having just moved back to New York following her father's death in order to deal with his estate matters.

9. On June 26, 2022, subsequent to their initial meeting, Ms. Araneta met with Defendant at Defendant's office in Manhattan. At this meeting Ms. Araneta expressed her interest in investing but explained to Defendant that she only had $30,000.00 and that she needed that back relatively quickly because that was all that she had at the time to support herself and her two children. Defendant assured her that the money would be safe and secure and agreed to return the money within six months and make monthly payments to Ms. Araneta during the six-month period in the amount of $1,250.00 per month.

10. Based on Defendant's representations, on June 27, 2022, Ms. Araneta gave $30,000.00 to Defendant and to memorialize the above, Defendant on behalf of her wholly owned and controlled company, MK Global, executed and delivered a promissory note to Ms. Araneta.

11. After receiving the first of the monthly payments called for, Defendant, aside from one or two additional payments of $500.00, failed to make any further of the monthly payments and never returned Ms. Araneta's $30,000.00.

12. During this time and up until Ms. Araneta received notice of the commencement of Defendant's bankruptcy case, Ms. Araneta continually questioned Defendant regarding the return of her $30,000.00 and was continually put off by promises of "next week".

13. Through speaking with, among others, Lydia Knight and Erlinda Espiritu, Ms. Araneta came to understand that she was not Defendant's only victim. Others had been sold on the same investment opportunities and promised secure investments with promised returns that had not materialized. The same situation was playing out with others, i.e., an investment was

made, few, if any, of the monthly payments were made, and then just empty promises – the money was gone.

14. It seems clear that Defendant was using MK Global as her alter ego, using MK Global to run a ponzi scheme by bringing in new investments to try and pay prior obligations, and as such a finding of alter ego is warranted.

15. Further, through this ponzi scheme Defendant caused Ms. Araneta's funds to be diverted and used the funds for matters other than for the intended investment, upon information and belief including, but not limited to, paying Defendant's personal expenses, leaving Ms. Araneta without the funds necessary to pay for her family's needs.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

16. Plaintiff repeats and realleges each and every allegation set forth above as if each were more fully set forth herein.

17. Pursuant to 11 U.S.C. 523(a)(2)(A) "[a] discharge under section 727, . . . does not discharge an individual debtor from any debt . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition". 11 U.S.C. 523(a)(2)(A).

18. Here, as set forth above, Defendant falsely represented to Ms. Araneta that her investment would be secure and used for an investment in real estate.

19. However, instead of utilizing the funds entrusted to Defendant for a secure real estate investment, Defendant caused her solely owned and controlled company, MK Global, to utilize the funds for other purposes, including but not limited to, paying her personal expenses, thereby causing significant damage to Plaintiff.

20. Based on the above, Ms. Araneta respectfully submits that the debt owed to her by the Defendant should be deemed nondischargeable pursuant to 11 U.S.C. 523(a)(2)(A).

### AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO SECTION 523(a)(6) OF THE BANKRUPTCY CODE

21. Plaintiff repeats and realleges each and every allegation set forth above as if each were more fully set forth herein.

22. Pursuant to 11 U.S.C. 523(a)(6) "[a] discharge under section 727, . . . does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity". 11 U.S.C. 523(a)(6).

23. Here, without any just cause or reasonable excuse, instead of utilizing the funds entrusted to Defendant for the secured real estate investment that was agreed to, Defendant caused her solely owned and controlled company, MK Global, to utilize the funds for other purposes, including but not limited to, paying her personal expenses, thereby causing significant damage to Plaintiff.

24. Having willfully and maliciously caused significant damage to Plaintiff in violation of 11 U.S.C. 523(a)(6), Defendant should not be entitled to a discharge of any debt or obligation owed to Plaintiff with respect to the above.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A DECLARATORY JUDGMENT SEEKING ALTER EGO LIABILITY AGAINST DEFENDANT

25. Plaintiff repeats and realleges each and every allegation set forth above as if each were more fully set forth herein.

26. Upon information and belief, at all times relevant to this Complaint, MK Global was formed and/or operated for an improper and/or illegal purpose – to, among other things,

enable Defendant to solicit investors and continue to operate her ponzi scheme and commit a fraud against her creditors, including Ms. Araneta.

27. Plaintiff states that at all time relevant to this Complaint, MK Global was the alter ego of the Defendant and as such all of the assets of MK Global, if any, and the liabilities of MK Global, should be deemed to be the assets and liabilities of the Defendant.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's First Cause of Action declaring that Plaintiff's claim against the Defendant is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), on Plaintiff's Second Cause of Action declaring that Plaintiff's claim against the Defendant is non-dischargeable pursuant to 11 U.S.C. §523(a)(6), on Plaintiff's Third Cause of Action declaring that MK Global is Defendant's alter ego, and granting any such other and further relief as is deemed just and proper under the circumstances.

Dated: April 29, 2025
      Garden City, New York

By: Peter K. Kamran, Esq.
Lester Korinman Kamran & Masini, P.C.
*Counsel to Lorelei Sanchez Araneta*
600 Old Country Road, Suite 330
Garden City, New York 11530
(516) 357-9191
pkamran@lesterfirm.com